OPINION
{¶ 1} Appellant James Ihinger appeals the prison sentence imposed by the Muskingum County Court of Common Pleas on the basis that the trial court failed to comply with R.C. 2929.19(B)(5) when it did not inform him of the specific prison term it could impose if he violated his community control sanction. The following facts give rise to this appeal.
{¶ 2} On September 15, 1999, the Muskingum County Grand Jury indicted appellant on three felony counts of failing to provide adequate support to his children for a period of twenty-six weeks out of one-hundred and four consecutive weeks. At his arraignment, appellant entered a plea of not guilty. However, appellant appeared before the trial court on September 22, 1999, withdrew his plea of not guilty and entered a plea of guilty to the charges contained in the indictment. At this hearing, appellant signed a change of plea form that contained information regarding the possible prison terms for each count.
{¶ 3} Appellant appeared before the trial court on November 1, 1999, for sentencing. The trial court imposed a ninety-day jail sentence and placed appellant on community control sanction for three years. The trial court never mentioned the possible prison term for each count. However, the trial court asked appellant whether he knew "* * * that this often carries possible prison time?" Appellant responded, "Yes, sir." The sentencing judgment entry filed on November 8, 1999, provides that a violation of his community control sanction could result in more restrictive sanctions including a prison term of up to twelve months on each of the three counts.
{¶ 4} Thereafter, on April 17, 2000, the trial court issued a bench warrant for appellant's arrest. On May 2, 2000, the state filed a motion for a hearing on the question of revocation of community control. On May 8, 2000, appellant pled guilty to violating his community control sanction. The probation department recommended continuation of the community control sanction, with the additional requirement that appellant be placed in the Licking-Muskingum Corrections Center Program. The trial court adopted the probation department's recommendation and sent appellant to the program.
{¶ 5} On October 12, 2001, the state filed another motion for a hearing on the question of revocation of community control. Appellant pled guilty to the violations of community control on October 22, 2001. The probation department recommended that appellant's community control be revoked and that he be sentenced to consecutive eleven-month sentences on each of the three counts. After hearing testimony from appellant's probation officer, the trial court revoked appellant's community control and sentenced him to two consecutive eleven-month sentences and one eleven-month sentence to run concurrently.
{¶ 6} On October 29, 2001, the trial court conducted another hearing to clarify certain sentencing language. The trial court indicated, on the record, that consecutive terms were necessary to protect the public from future crimes and that such sentences were not disproportionate to the possible danger to the public. Further, on November 6, 2001, the trial court filed a judgment entry in which it indicated that a single term of imprisonment would not adequately reflect the seriousness of appellant's conduct.
{¶ 7} Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 8} "I. THE TRIAL COURT ERRED BY IMPOSING A SENTENCE THAT WAS GREATER THAN WHAT WAS SPECIFIED AT THE ORIGINAL SENTENCING HEARING."
 {¶ 9} "II. THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE SENTENCE WITHOUT FACTUAL SUPPORT TO MEET THE CRIETERIA (SIC) OF R.C. § 2929.19(E)(4)."
 {¶ 10} "III. THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE SENTENCE WHEREBY THE TOTAL AMOUNT OF TIME IMPOSED IS GREATER THAN THE MAXIMUM FOR THE MOST SERIOUS OFFENSE."
 {¶ 11} "IV. THE TRIAL COURT ERRED BY IMPOSING A PRISON TERM WHERE THE FACTS DO NOT SUPPORT THE REBUTTABLE PRESUMPTION FOR COMMUNITY CONTROL."
 I
{¶ 12} Appellant maintains, in his first assignment of error, the trial court erroneously imposed a twenty-two month sentence for violating his community control sanction when the original sentence did not specify any prison time. We agree.
{¶ 13} The statute at issue is R.C. 2929.19(B)(5), which provides as follows:
 {¶ 14} "(5) If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
{¶ 15} At the sentencing hearing, in the case sub judice, the record reflects the trial court did not specify a specific prison term that may be imposed if appellant violated any conditions of his community control sanction. The only discussion about prison time was a comment by the trial court that "* * * this [offense] often carries possible prison time." Tr. Sentencing Hrng., Nov. 6, 1999, at 6. The sentencing judgment entry filed on November 8, 1999, indicates that a "[v]iolation of this sentence shall lead to a more restrictive sanction, a longer sanction or prison term of up to twelve (12) months on each of the three counts."
{¶ 16} In support of this assignment of error, appellant cites two cases from this court: State v. Miller (Dec. 30, 1999), Tuscarawas App. No. 1999 AP 02 0010 and State v. Williams (May 11, 2001), Richland App. No. 00-CA-56. In Miller, at the defendant's change of plea hearing, the trial court informed defendant of the potential prison term for a third degree felony. Id. at 2. Also, an Acknowledgment of Guilty Plea form signed by defendant indicated the potential prison term for a third degree felony. Id. at 3. At defendant's sentencing hearing, the trial court informed defendant that if he did not comply with his conditions of community control sanction, the alternative would be prison. Id. at 4.
{¶ 17} Thereafter, defendant failed to comply with the conditions of his community control sanction and the trial court ordered defendant to serve two years in prison. Id. at 7-8. On appeal, defendant argued the trial court failed to give him notice of the specific prison term it would impose if he violated the conditions of his community control sanction and therefore, the trial court could not impose a prison sentence. Id. at 9.
{¶ 18} This court determined the trial court could impose a prison sentence because during the change of plea hearing the trial court informed appellant of the possible sentences for a third degree felony. Id. at 11. The trial court also informed defendant, at the change of plea hearing, that if he failed to follow the conditions of his community control sanction, he could receive a prison term. Id. at 11. We also noted that the written Acknowledgment of Guilty Plea form contained the possible prison terms for a third degree felony. Id. at 11-12. Finally, at the sentencing hearing, the trial court informed defendant that if he failed to comply with the conditions of his community control sanction, he could be sentenced to the maximum prison term for a third degree felony. Id. at 12. Based upon these facts, we concluded the trial court properly imposed a prison term as it complied with the requirement of R.C. 2929.19(B)(5). Id.
{¶ 19} The second case relied upon by appellant, from this district, is the Williams case. The defendant, in Williams, raised various arguments regarding his sentence. However, for purposes of this appeal, the relevant argument concerned the trial court's imposition of a thirty-three month prison term, in the sentencing judgment entry, as opposed to a twenty-two month sentence the trial court imposed at the sentencing hearing. Williams at 8. In remanding this matter to the trial court, we held:
 {¶ 20} "Although we are aware of the axiom that a trial court speaks through its written journal, * * *, we nonetheless find that the enhancement of the sentencing order outside the presence of appellant violated his right to be present at all critical stages of his case. * * *. We therefore remand this issue to the trial court for journalization of appellant's sentence consistent with the oral pronouncements made at the * * * hearing." Id.
{¶ 21} In response to appellant's arguments and the above cited cases, the state maintains the trial court complied with R.C.2929.19(B)(5) because it informed appellant of the possible prison terms for a fifth degree felony at the change of plea hearing, sentencing hearing and in the sentencing judgment entry. In support of its argument, the state cites our decision in State v. John (Apr. 12, 2000), Tuscarawas App. No. 1999AP090057. In John, we concluded the trial court complied with R.C. 2929.19(B)(5) when it informed the defendant, at the change of plea hearing, of the possible prison sentence and that the maximum sentence may be imposed if he violated the terms of his community control sanction. John at 2.
{¶ 22} We find our decisions in Miller and John distinguishable from the case sub judice. We begin by noting that we do not have a transcript from the change of plea hearing, therefore, we do not know what the trial court informed appellant concerning a possible prison term. The change of plea form filed September 22, 1999, does indicate that appellant received notice of the possible prison term. Further, the sentencing judgment entry indicates a possible prison term of up to twelve months on each of the three counts. However, unlike in theMiller and John cases, the possible prison term for a fifth degree felony was never mentioned to appellant at the sentencing hearing.
{¶ 23} The only mention of a possible prison term, at the sentencing hearing, was a question by the trial court, to appellant, as to whether he understood that the offenses with which he was charged carried possible jail time. Tr. Sentencing Hrng., Nov. 1, 1999, at 6. This statement is insufficient to comply with the requirements of R.C.2929.19(B)(5) since the statute specifically provides that the defendant shall be notified of the specific prison term if the trial court decides to impose a community control sanction. Although appellant received written notice of the possible prison term in the change of plea form and the sentencing judgment entry, we find this notice does not comply with the requirements of the statute. Thus, the trial court should not have sentenced appellant to a prison term for violating the conditions of his community control sanction.
{¶ 24} Accordingly, we sustain appellant's first assignment of error. We will not address appellant's second, third or fourth assignments of error as we find them moot based upon our disposition of appellant's first assignment of error.
{¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby reversed.
By: WISE, J. HOFFMAN, P.J., and GWIN, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is revered.
Costs to Appellee State of Ohio.